# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANNETTE MAXWELL,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0965** (BOR Appeal No. 2048200)
                        (Claim No. 2011042334)

**TRINITY HEALTHCARE SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Annette Maxwell, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Trinity Healthcare Services, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a February 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 13, 2011, decision which granted Ms. Maxwell a 10% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Maxwell, a certified nursing assistant, injured her neck, back, and right shoulder in the course of her employment while moving a patient on March 10, 2011. An April 5, 2011, treatment note by Stanley Tao, M.D., indicates he diagnosed neck sprain, cervical radiculitis, contusion of the shoulder region, and shoulder joint pain. He felt most of the symptoms were cervical in nature and recommended physical therapy. Robert McCleary, D.O., stated in a June 27, 2011, treatment note that Ms. Maxwell was treated for cervical spine and right shoulder sprain/strain and was released to return to light duty work on July 11, 2011.

1

Three independent medical evaluations were performed in order to determine the amount of permanent impairment Ms. Maxwell sustained as a result of her compensable injury. The first evaluation was performed on August 30, 2011, by Paul Bachwitt, M.D. He diagnosed cervical and right shoulder sprains/strains and opined that Ms. Maxwell had reached maximum medical improvement and would not benefit from surgery for either injury. He assessed 8% cervical spine impairment and 2% impairment for the right shoulder for a total whole person impairment of 10%. He opined that she could return to full duty work with no restrictions. The claims administrator thereafter granted Ms. Maxwell a 10% permanent partial disability award on September 13, 2011.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on March 14, 2012. Dr. Guberman stated that Ms. Maxwell reported pain in her cervical and thoracic spine as well as in her right shoulder, arm, and elbow. He diagnosed acute and chronic post-traumatic cervical and thoracic spine strain and chronic post-traumatic strain of the right shoulder and stated that she had reached maximum medical improvement. He assessed 8% cervical spine impairment, 5% thoracic spine impairment, and 6% right shoulder impairment for a combined total of 18% whole person impairment.

The third independent medical evaluation was performed by Prasadarao Mukkamala, M.D., on October 23, 2012. Dr. Mukkamala noted that the allowed conditions in the claim are right shoulder sprain and neck sprain. He found that thoracic spine range of motion was completely normal. Ms. Maxwell had reached maximum medical improvement. He assessed 5% cervical impairment and 2% impairment for the right shoulder for a total of 7% whole person impairment. Dr. Mukkamala opined that Ms. Maxwell did not injure her thoracic spine. She completed a back pain form and pain diagram in which she indicated that she injured and had pain in her upper shoulder and neck. She did not mention an injury to or pain in her thoracic spine or mid-back.

The Office of Judges affirmed the claims administrator's decision, which granted Ms. Maxwell a 10% permanent partial disability award, in its February 12, 2013, Order. The Office of Judges determined that Dr. Guberman's report was unreliable. The thoracic spine has not been held as a compensable component of the claim. Ms. Maxwell has never been treated for the thoracic spine and Dr. Guberman was the only examiner to whom she reported thoracic spine pain. Dr. Mukkamala examined the thoracic spine and found no abnormality. Accordingly, the Office of Judges found that the thoracic spine was not a compensable component of the claim and there is no reliable evidence of residual impairment. Regarding the cervical spine, the Office of Judges found that Drs. Guberman and Bachwitt both assessed 8% impairment. Dr. Mukkamala assessed 5% impairment. The difference was resolved in favor of Ms. Maxwell. Regarding the right shoulder, the Office of Judges determined that Dr. Guberman's range of motion findings were not duplicated. Drs. Mukkamala and Bachwitt both found 2% impairment for the right shoulder. Dr. Guberman's finding of 6% was determined to be unreliable.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 5, 2013, decision. On appeal, Ms. Maxwell argues

2

that she injured her thoracic spine in the course of her employment and it should therefore be included in the claim. She further argues that she should be awarded a 5% permanent partial disability award based upon the report of Dr. Guberman. Trinity Healthcare Services, Inc., asserts that the thoracic spine is not a compensable component of the claim and she therefore cannot be granted a permanent partial disability award for the condition. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that the thoracic spine has not been held as a compensable component of the claim. The evidentiary record also indicates that Ms. Maxwell is entitled to a 10% permanent partial disability award representing 2% for the right shoulder and 8% for the cervical spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II